| United States Bankruptcy Court<br>District of Delaware | | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Milagro Oil & Gas, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**Milagro Mezz, Inc., Milagro Mezz, LLC., and Milagro Energy, Inc.** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**26-1307173** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**1301 McKinney, Suite 500,<br>Houston, Texas**<br>ZIP CODE **77010** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Harris County** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above).<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which the<br>Petition Is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7      ☐ Chapter 15 Petition for<br>☐ Chapter 9          Recognition of a Foreign<br>☒ Chapter 11         Main Proceeding<br>☐ Chapter 12      ☐ Chapter 15 Petition for<br>☐ Chapter 13         Recognition of a Foreign<br>                         Nonmain Proceeding |

<table>
<tr><td><strong>Chapter 15 Debtors</strong><br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding or against debtor is pending</td><td><strong>Tax-Exempt Entity</strong><br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code)</td><td><strong>Nature of Debts</strong><br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose.<br>☒ Debts are primarily business debts.</td></tr>
</table>

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only).  Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only).  Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D)<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D)<br><br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>----<br>Check all applicable boxes<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. a small business debtor as defined in 11 U.S.C. § 1126(b) |

**Statistical/Administrative Information**

☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1 million | $1,000,001<br>to $10 million | $10,000,001<br>to $50 million | $50,000,001<br>to $100 million | $100,000,001<br>to $500 million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1 million | $1,000,001<br>to $10 million | $10,000,001<br>to $50 million | $50,000,001<br>to $100 million | $100,000,001<br>to $500 million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1 (04/13)                                                                                                           Page 2

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): **Milagro Oil & Gas, Inc.** | |
|---|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** *If more than two, attach additional sheet.* | | |
|---|---|---|
| Location Where Filed: **None** | Case Number: **N/A** | Date Filed: **N/A** |
| Location Where Filed: **None** | Case Number: **N/A** | Date Filed: **N/A** |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** *(If more than one, attach additional sheet.)* | | |
|---|---|---|
| Name of Debtor: **See Attachment 1** | Case Number: | Date Filed; |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petition that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____ Signature of Attorney for Debtor(s)       (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

    ☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

    ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor – Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1 (04/13)

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | Milagro Oil & Gas, Inc. |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Debtor

X _____
   Signature of Joint Debtor

   _____
   Telephone Number (if not represented by attorney)

   _____
   Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
   (Signature of Foreign Representative)

X _____
   (Printed Name of Foreign Representative)

   _____
   Date

### Signature of Attorney*

X _____
   Signature of Attorney for Debtor(s)

M. Blake Cleary (No. 3614)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 N. King Street
Wilmington, DE 19801
(302) 571-6600

   *July 15, 2015*
   _____
   Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

   _____
   Printed Name and title, if any, of Bankruptcy Preparer

   _____
   Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

   _____
   Address

X _____
   Signature

   _____
   Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Authorized Individual

By: Gary J. Mabie
Title: President / COO

   *July 15, 2015*
   _____
   Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

## ATTACHMENT 1 TO VOLUNTARY PETITION

<u>Pending Bankruptcy Cases Filed by Affiliated Entities</u>

On the date hereof, each of the related entities listed below, including the debtor in this chapter 11 case (collectively, the "<u>Debtors</u>"), will file or have filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532. Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion requesting that the Court consolidate their chapter 11 cases for administrative purposes only.

**The Debtors are the following entities (along with their federal tax identification numbers):**

- Milagro Holdings, LLC (26-1307232);
- Milagro Oil & Gas, Inc. (26-1307173);
- Milagro Exploration, LLC (26-1309260);
- Milagro Producing, LLC (26-1309330);
- Milagro Mid-Continent, LLC (27-3168804); and
- Milagro Resources, LLC (27-2326134)

**MILAGRO OIL & GAS, INC.**
**MILAGRO HOLDINGS, LLC**

*Unanimous Written Consent of the Boards of Directors*

July 15, 2015

Pursuant to Section 141(f) of the Delaware General Corporation Law and Section 18-404 of the Delaware Limited Liability Company Act, the undersigned, being all of the members of the boards of directors (each, as applicable, the "***Board***" and together, the "***Boards***") of Milagro Oil & Gas, Inc., a Delaware corporation (the "***Company***"), and Milagro Holdings, LLC, a Delaware limited liability company (the "***Parent***"), hereby approve, consent to and adopt the following recitals, resolutions, and actions authorized therein, as the act of the Boards by written consent (this "***Consent***"), such Consent to have the same force and effect as a vote of each Board at a duly called meeting thereof:

***Proper Officers***

RESOLVED, that for purposes of these resolutions, the term "***Proper Officer***" shall mean (i) with respect to the Company, any one or more of the President, the Chief Restructuring Officer, any Executive Vice President, any Vice President, the Secretary or any Assistant Secretary of the Company, and (ii) with respect to the Parent, any one or more of the President, any Senior Vice President, any Vice President, the Secretary or any Assistant Secretary of the Parent.

***Chapter 11 Restructuring Transaction***

WHEREAS, the Parent owns 100% of the issued and outstanding common stock of the Company;

WHEREAS, the Company is the sole member of each of Milagro Exploration, LLC ("***Exploration***") and Milagro Producing, LLC ("***Producing***" and together with Exploration, collectively, the "***Borrowers***"), each of which is a Delaware limited liability company;

WHEREAS, Producing is the sole member of Milagro Resources LLC ("***Resources***") and Milagro Mid-Continent LLC ("***Mid-Continent***" and collectively with Resources and the Company, the "***Guarantors***"), each of which is a Delaware limited liability company and a guarantor of the indebtedness under the First Lien Credit Agreement (as defined below);

WHEREAS, the Borrowers and the Company previously entered into that certain Second Amended and Restated First Lien Credit Agreement, dated as of September 4, 2014 (the "***First Lien Credit Agreement***"), by and among the Borrowers, as borrowers, the Company, as guarantor, the lenders from time to time parties thereto (the "***Lenders***"), and TPG Specialty Lending, Inc., a Delaware corporation, as administrative agent for the Lenders (in such capacity, the "***Administrative Agent***");

WHEREAS, the Company has issued an aggregate principal amount of $250,000,000 of its 10.500% Senior Secured Second Lien Notes due 2016 (the "***Notes***") pursuant to an Indenture

dated as of May 11, 2011 (the "*Indenture*"), between the Company, as issuer, and Wilmington Trust, N.A., as successor trustee, registrar and paying agent (collectively, the "*Trustee*"), pursuant to the Agreement of Resignation, Appointment and Acceptance dated as of January 7, 2014, among the Company, the Trustee and Wells Fargo Bank, N.A., a national banking association and the resigning trustee, registrar and paying agent under the Indenture;

WHEREAS, the Board has reviewed and considered the operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's products and services, the liquidity situation of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's businesses, creditors and other parties in interest;

WHEREAS, the Board has been advised by the senior management of the Company that (i) the Company is unable to meet its obligations as they become due in the usual course of business, and the Company can no longer continue its business profitably, and (ii) various creditors of the Company have threatened to prosecute their claims against the Company;

WHEREAS, the Board has received, reviewed and considered the recommendations of the senior management of the Company and the Company's legal and financial and other advisors as to the relative risks and benefits to the Company filing a petition seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"), and the Board has had an opportunity to consult with the Company's management team and the Company's legal, financial and other advisors and have fully considered each of the strategic alternatives available to the Company;

WHEREAS, in the business judgement of the Board, it is in the best interests of the Company and the Company's creditors, employees and other parties in interest that the Company negotiate and enter into a comprehensive restructuring support agreement (the "*Restructuring Support Agreement*"), among the Company, certain beneficial owners of the Notes (the "*Initial Consenting Note Holders*"), the Lenders, the Administrative Agent, the investment funds and accounts managed by Acon Funds Management, L.L.C., as holders of the equity interests in the Company and the Parent (such investment funds and accounts, the "*Consenting Acon Parties*"), the investment funds and accounts managed by Guggenheim Corporate Funding, L.L.C., as holders of the equity interests in the Company and the Parent (such investment funds and accounts, the "*Consenting Guggenhein Parties*" and collectively with the Consenting Acon Parties, the "*Initial Equity Holders*"), and White Oak Resources VI, LLC, a Delaware limited liability company ("*White Oak*"), to implement a pre-arranged chapter 11 restructuring transaction (the "*Restructuring Transaction*") for the Company and the Parent;

WHEREAS, in connection with the Restructuring Support Agreement, it is proposed that the Board approve and authorize (i) a plan of reorganization for the Company (the "*Plan*"), the form of which is attached to the Restructuring Support Agreement, (ii) a disclosure statement for the Plan (the "*Disclosure Statement*"), the form of which is attached to the Plan, (iii) the solicitation of votes on the Plan and the Disclosure Statement from the holders of the claims entitled to vote on the Plan, (iv) the distribution of the Plan and the Disclosure Statement and the solicitation of votes thereon under chapter 11 of the Bankruptcy Code, and (v) the filing with the

United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***") of the Plan and the Disclosure Statement and any and all documents related thereto or necessary or expedient to implement the terms thereof;

WHEREAS, under the terms of the Restructuring Support Agreement, it is proposed that concurrently with the execution of the Restructuring Support Agreement, the Company, all of the subsidiaries of the Company (other than Mid-Continent) and White Oak enter into a Contribution Agreement (the "***Contribution Agreement***") pursuant which the Company agrees to contribute, assign, transfer and convey to White Oak all or substantially all of the Company's oil and gas interests and related liabilities for a purchase price equal to $217 million (the "***Purchase Price***"), as adjusted downward for the repayment of the obligations under the First Lien Credit Agreement and as further adjusted upward or downward pursuant to the terms of the Contribution Agreement (as so adjusted, the "***Adjusted Purchase Price***");

WHEREAS, pursuant to the Contribution Agreement, at the closing of the transactions contemplated thereby, (i) the Company shall direct White Oak to repay the Borrowers' and the Guarantors' obligations under the First Lien Credit Agreement, and (ii) the balance of the Purchase Price shall be paid by White Oak to the Company by issuing to the Company limited liability company interests in White Oak with a capital account equal to the Adjusted Purchase Price;

WHEREAS, concurrently with the closing of the transactions contemplated by the Contribution Agreement, and subject to the terms and conditions thereof, White Oak and its equity holders shall amend and restate (i) the Amended and Restated Company Agreement of White Oak, dated effective as of February 13, 2012, pursuant to the Second Amended and Restated Company Agreement of White Oak (the "***Second Amended Company Agreement***"), and (ii) the Voting and Transfer Restriction Agreement, dated as of February 13, 2012, as amended, pursuant to the Amended and Restated Voting and Transfer Restriction Agreement (the "***Voting and Transfer Restriction Agreement***");

WHEREAS, the Board has determined that all alternatives to the filing of a petition seeking relief under the provisions of the Bankruptcy Code have been exhausted and are unavailable; and

WHEREAS, the Board, upon recommendation of the officers of the Company, and upon the recommendation of the Company's professional advisors, has determined that it is desirable, fair, reasonable, and in the best interest of the Company and the Company's creditors, stockholders and other interested parties for the Company to commence voluntary, pre-arranged chapter 11 reorganization cases under the Bankruptcy Code for the Company in the Bankruptcy Court to effectuate the Restructuring Transaction, including the entry by the Company into the Contribution Agreement and the Second Amended Company Agreement, if applicable, which will be implemented pursuant to the Plan and the Disclosure Statement.

NOW, THEREFORE, BE IT RESOLVED, that the form, terms and conditions of the Restructuring Support Agreement, the Plan, the Disclosure Statement, the Contribution Agreement, the Second Amended Company Agreement, the Voting and Transfer Restriction Agreement and each other agreement, instrument, certificate, notice, consent or other document

contemplated under, or required to be executed in connection with the Restructuring Transaction (collectively, the "*Restructuring Documents*") are hereby in all respects authorized, approved, ratified, and confirmed, the consummation of the transactions contemplated thereby, be and they hereby are in all respects approved, ratified, and confirmed, and the actions of the Proper Officers in executing, delivering and performing the Restructuring Documents to which the Company or the Parent is a party are hereby approved, ratified and confirmed;

RESOLVED FURTHER, that the execution and performance of the Restructuring Documents to which the Company or the Parent is a party and all documents related thereto are (i) in the best interests of the Company and the Parent and the creditors, stockholders and other interested parties of the Company or the Parent, (ii) necessary and convenient to the conduct, promotion or attainment of the business and affairs of the Company, the Parent and their subsidiaries, and (iii) reasonably expected to benefit, directly or indirectly, the Company, the Parent and their subsidiaries and the creditors, stockholders and other interested parties of the Company and the Parent;

RESOLVED FURTHER, that the Proper Officers be, and each of them hereby is, authorized, empowered and directed, for, in the name and on behalf of the Company and the Parent, to execute and deliver the Restructuring Documents to which the Company or the Parent is a party on substantially the same terms as presented to the Boards but with such other changes or additions as the Proper Officers executing the same or counsel to the Company or the Parent shall approve, such approval to be conclusively evidenced by such execution and delivery, and upon such execution and delivery of all of the foregoing documents, instruments and agreements, and the execution and delivery thereof by all other parties or signatories thereto, the Company and the Parent, as applicable, shall be bound by the terms and conditions set forth therein;

RESOLVED FURTHER, that on final approval of the Restructuring Documents to which the Company or the Parent is a party by the Proper Officers, the Company or the Parent, as applicable, is authorized to perform its obligations under, and consummate the transactions contemplated by, the Restructuring Documents;

RESOLVED FURTHER, that the Company shall be, and hereby is, authorized to: (a) file a voluntary petition (the "*Petition*") for relief under the Bankruptcy Code in the Bankruptcy Court, (b) authorize the filing of a Petition for any subsidiary of the Company, (c) seek authority from the Bankruptcy Court to assume the Restructuring Support Agreement, (d) seek confirmation from the Bankruptcy Court of the Plan, , (e) solicit votes on the Plan and the Disclosure Statement from the holders of claims entitled to vote on the Plan and distribute the Plan and the Disclosure Statement and the solicitation of votes thereon prior to commencing a case under Chapter 11 of the Bankruptcy Code, and (f) perform any and all such acts as are reasonable, advisable, expedient, convenient, proper, or necessary to effect any of the foregoing, including, but not limited to, preparing, executing, verifying, filing, amending, supplementing or modifying any and all documents required by, necessary, or appropriate to the filing and administration of a case under chapter 11 of the Bankruptcy Code;

RESOLVED FURTHER, that the Proper Officers be, and each of them hereby is, authorized, directed, and empowered on behalf of and in the name of the Company to execute and verify the Petition as well as all other ancillary documents and cause the Petition to be filed

with the Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Petition or ancillary documents as any such Proper Officer, in such officer's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions (such approval to be conclusively established by the execution thereof by such Designated Officer);

RESOLVED FURTHER, that the Proper Officers shall be, and each of them hereby is, authorized, directed and empowered to continue to retain, on behalf of the Company or the Parent, Porter Hedges LLP, Young Conaway Stargatt & Taylor, LLP, Zolfo Cooper, LLC (including, but not limited to Scott Winn as CRO), PrimeClerk, LLC and to employ such additional professionals, including attorneys, accountants, financial advisors, investment bankers, consultants, or brokers, in each case as in such officer's or officers' judgment may be necessary in connection with the Company's chapter 11 case and other related matters, on such terms as such officer or officers shall approve;

RESOLVED FURTHER, that the law firms of Porter Hedges LLP, Young Conaway Stargatt & Taylor, LLP and any additional special or local counsel selected by one or more of the Proper Officers, shall be, and hereby are, authorized, empowered, and directed to represent the Company, as debtor and debtor in possession, in connection with any case commenced by or against the Company under the Bankruptcy Code;

RESOLVED FURTHER, that the Company, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, shall be, and hereby is, authorized to borrow funds, use cash collateral and undertake related financing transactions (collectively, "*Financing Transactions*") from such lenders and on such terms as may be approved by any one or more of the Proper Officers, as reasonably necessary for the continuing conduct of the affairs of the Company, and grant security interests in and liens upon all or substantially all of the Company's assets as may be deemed necessary by any one or more of the Proper Officers in connection with such borrowings or the use of cash collateral;

RESOLVED FURTHER, (a) that the Proper Officers be, and each of them hereby is, authorized, directed, and empowered in the name of and on behalf of the Company, as debtor and debtor in possession, to take such actions and execute and deliver such agreements, certificates, instruments, guaranties, notices, and any and all other documents as the Proper Officers may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "*Financing Documents*"), (b) that Financing Documents containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate by the Proper Officers are approved, and (c) that the actions of the Proper Officers taken pursuant to this resolution, including the execution and delivery of all agreements, certificates, instruments, guaranties, notices, and other documents, shall be conclusive evidence of the approval thereof by such officer and by the Company;

RESOLVED FURTHER, that the Proper Officers be, and each of them hereby is, authorized, directed, and empowered in the name of and on behalf of the Company or the Parent, as applicable, to negotiate, execute and deliver from time to time any amendments, modifications, extensions, supplements or renewals of the Restructuring Documents or the Financing Documents and to cause the Company or the Parent, as applicable, to fully perform its

5

obligations thereunder, all such amendments, modifications, extensions, supplements or renewals to contain such terms, covenants and conditions as may be approved by the Proper Officer, in the name of and on behalf of the Company or the Parent, as applicable, such Proper Officer's execution and delivery thereof on behalf of the Company or the Parent, as applicable, to be conclusive evidence of such Proper Officer's approval;

### General Authority; Counterparts

RESOLVED FURTHER, that the Proper Officers be, and each of them hereby is, authorized, directed and empowered to make, provide, execute, deliver and file any and all statements, applications, certificates, representations, payments, notices, receipts and other instruments, agreements and documents and take any other actions which, in the opinion of any such Proper Officer, are or may be necessary or appropriate in connection with or to consummate any of the matters authorized by the foregoing resolutions;

RESOLVED FURTHER, that any lawful act heretofore taken by any director of the Company or the Parent or any Proper Officer in connection with the matters set forth in the preceding resolutions be, and it hereby is, in all respects, approved, adopted, ratified and confirmed as an act of the Company or the Parent, as applicable; and

RESOLVED FURTHER, that this Consent may be executed and delivered (including by facsimile or Portable Document Format (pdf) transmission) in any number of counterparts with the same effect as if all parties hereto had signed the same document and facsimile and other electronic copies of manually-signed originals shall have the same effect as manually-signed originals and shall be binding on all parties hereto.

*[Signature Page Follows]*

6

IN WITNESS WHEREOF, the undersigned, being all of the members of the boards of directors of Milagro Oil & Gas, Inc. and Milagro Holdings, LLC, hereby consent to the foregoing resolutions as of the date first above written.

**BOARDS:**

_____
Jonathan Ginns

_____
Mo Bawa

_____
Thomas J. Hauser

_____
Adam Cohn

IN WITNESS WHEREOF, the undersigned, being all of the members of the boards of directors of Milagro Oil & Gas, Inc. and Milagro Holdings, LLC, hereby consent to the foregoing resolutions as of the date first above written.

**BOARDS:**

_____
Jonathan Ginns


_____
Mo Bawa


*Thomas J. Hauser*
_____
Thomas J. Hauser


_____
Adam Cohn

IN WITNESS WHEREOF, the undersigned, being all of the members of the boards of directors of Milagro Oil & Gas, Inc. and Milagro Holdings, LLC, hereby consent to the foregoing resolutions as of the date first above written.

**BOARDS:**

_____
Jonathan Ginns


_____
Mo Bawa


_____
Thomas J. Hauser


_____
Adam Cohn

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------x
                                          :
In re                                     :    Chapter 11
                                          :
MILAGRO HOLDINGS, LLC, et al.,            :    Case No. 15-_____ (____)
                                          :
         Debtors.[1]                      :    Joint Administration Requested
                                          :
------------------------------------------------------x
```

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO BANKRUPTCY RULES 1007(a)(1), 1007(a)(3) AND 7007.1

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Milagro Oil & Gas, Inc., a Delaware corporation, its parent, and its direct and indirect subsidiaries, who are each debtors and debtors in possession in the above-captioned cases (each a "Debtor"), hereby state as follows:

1.    The direct equity interest holders of Milagro Holdings, LLC ("Holdings"), their addresses, and the nature of their equity interests[2] are as follows:

| Equity Holder | Address | Unit Holdings and Percentage |
|---|---|---|
| ACON Milagro Investors, LLC ACON-Bastion Partners II, LP ACON-Bastion Partners Offshore, LP ACON Milagro Second Lien Investors, LLC ABP II Milagro AIV, L.P. | c/o Acon Funds Managements LLC, 1133 Connecticut Ave, NW, Ste 700, Washington, DC 20036 | 12,500 Class A Units 0 Class B Units 0 Class C Units (44.024%) |
| FS Investments | 280 Park Avenue, New York, New York 10017 | 647.55 Class A Units 573.45 Class B Units 0 Class C Units (4.300%) |

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Milagro Holdings, LLC (7232); Milagro Oil & Gas, Inc. (7173); Milagro Exploration, LLC (9260); Milagro Producing, LLC (9330); Milagro Mid-Continent, LLC (8804); and Milagro Resources, LLC (6134).  The Debtors' mailing address is 1301 McKinney Street, Suite 500, Houston, Texas 77010.

[2]    Holdings has three classes of membership interests outstanding: Class A, Class B, and Class C.  Class C consist of non-voting profit interests issued to Holdings' management team.

| Equity Holder | Address | Unit Holdings and Percentage |
|---|---|---|
| Milagro Exploration Founders' Group, LP | 1301 McKinney Ste 500, Houston, Texas 77010 | 848.56 Class A Units 751.44 Class B Units 0 Class C Units (5.635%) |
| Milagro Exploration Founders' Group II, LP | 1301 McKinney Ste 500, Houston, Texas 77010 | 303.36 Class A Units 268.64 Class B Units 0 Class C Units (2.015%) |
| Milagro Investors, LLC | 330 Madison Ave, 10th Floor, New York, NY 10017 | 8,500 Class A Units 0 Class B Units 0 Class C Units (29.936%) |
| Robert L. Cavnar | 1301 McKinney Ste 500, Houston, Texas 77010 | 0.53 Class A Units 0.47 Class B Units 0 Class C Units (0.004%) |
| West Coast Milagro Partners, LLC | 1250 Fourth Street, Santa Monica, California 90401 | 4,000 Class A Units 0 Class B Units 0 Class C Units (14.087%) |
| Milagro Management Pool I, LP | 1301 McKinney Ste 500, Houston, Texas 77010 | 0 Class A Units 0 Class B Units 6 Class C Units (0.021%) |

2.      The direct equity interest holders of Milagro Oil & Gas, Inc. ("MOG"), their addresses, and the nature of their equity interests are as follows:

| Equity Holder | Address | Number and Percentage |
|---|---|---|
| **Common Stock** | | |
| Milagro Holdings, LLC | 1301 McKinney Ste 500, Houston, Texas 77010 | 280,400 (100%) |
| **Series A Preferred Stock** | | |
| 1888 Fund, Ltd | c/o Guggenheim Investment Mgmt LLC, 135 East 57th St, 6th Floor, New York, NY 10022 | 44,169 (1.636%) |
| Acon Milagro Second Lien Investors, LLC | c/o Acon Funds Investment LLC, 1133 Connecticut Ave NW Ste 700, Washington, DC 20036 | 917,178 (33.970%) |
| AIG PEP IV Co-Investment, LP | c/o PineBridge Investments, 277 Park Ave, 42nd Floor, New York, NY 10172 | 24,718 (0.915%) |
| AIG Vantage Capital, LP | c/o PineBridge Investments, 277 Park Ave, 42nd Floor, New York, NY 10172 | 156,251 (5.787%) |
| Copper River CLO Ltd | c/o Guggenheim Investment Mgmt LLC, 135 East 57th St, 6th Floor, New York, NY 10022 | 88,282 (3.270%) |

| Equity Holder | Address | Number and Percentage |
|---|---|---|
| Green Lane CLO Ltd | c/o Guggenheim Investment Mgmt LLC, 135 East 57th St, 6th Floor, New York, NY 10022 | 49,648 (1.839%) |
| Guggenheim Energy Opportunities Fund, LP | c/o Guggenheim Investment Mgmt LLC, 135 East 57th St, 6th Floor, New York, NY 10022 | 110,424 (4.090%) |
| Kennecott Funding Ltd | c/o Guggenheim Investment Mgmt LLC, 135 East 57th St, 6th Floor, New York, NY 10022 | 49,648 (1.839%) |
| NZC Guggenheim Master Fund Limited | c/o Guggenheim Investment Mgmt LLC, 135 East 57th St, 6th Floor, New York, NY 10022 | 38,598 (1.430%) |
| FS Investment Corporation | c/o GSO Capital 280 Park Avenue, New York, New York 10017 | 283,947 (10.517%) |
| Sands Point Funding Ltd | c/o Guggenheim Investment Mgmt LLC, 135 East 57th St, 6th Floor, New York, NY 10022 | 82,768 (3.065%) |
| Touradji Diversified Holdings, LLC | 101 Park Ave, 48th Floor, New York, NY 10178 | 12,281 (0.455%) |
| Touradji Diversified Holdings, Ltd | 101 Park Ave, 48th Floor, New York, NY 10178 | 58,706 (2.174%) |
| Touradji Global Resources Holdings, LLC | 101 Park Ave, 48th Floor, New York, NY 10178 | 64,953 (2.406%) |
| Touradji Global Resources Holdings, Ltd | 101 Park Ave, 48th Floor, New York, NY 10178 | 289,981 (10.740%) |
| Ralph Finerman | 1250 Fourth Street, Santa Monica, CA 90401 | 38,598 (1.430%) |
| New Energy LLC | 1250 Fourth Street, 5th floor, Santa Monica, CA 90401 | 323,745 (11.991%) |
| Jeffrey Green | 1250 Fourth Street, Santa Monica, CA 90401 | 66,105 (2.448%) |

3.     The subsidiaries listed below are 100% owned by Debtor MOG:

- Milagro Exploration, LLC
- Milagro Producing, LLC

4.     The subsidiaries listed below are 100% owned by Debtor Milagro Producing, LLC:

- Milagro Mid-Continent, LLC
- Milagro Resources, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------x
                                        :
In re                                   :   Chapter 11
                                        :
MILAGRO HOLDINGS, LLC, et al.,          :   Case No. 15-_____ (____)
                                        :
          Debtors.¹                     :   Joint Administration Requested
                                        :
------------------------------------------------------------x
```

## DECLARATION CONCERNING CONSOLIDATED CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO BANKRUPTCY RULES 1007(a)(1), 1007(a)(3) AND 7007.1

I, Scott W. Winn, Chief Restructuring Officer of Milagro Holdings, LLC, one of the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, declare under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing *Consolidated Corporate Ownership Statement and List of Equity Interest Holders Pursuant to Bankruptcy Rules 1007(a)(1), 1007(a)(3) and 7007.1* submitted herewith and that the information contained therein is true and correct to the best of my information and belief.

Dated: July 15, 2015
     Wilmington, Delaware

_____

Scott W. Winn
Chief Restructuring Officer of Milagro Oil & Gas, Inc.,
on behalf of the Debtors

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Milagro Holdings, LLC (7232); Milagro Oil & Gas, Inc. (7173); Milagro Exploration, LLC (9260); Milagro Producing, LLC (9330); Milagro Mid-Continent, LLC (8804); and Milagro Resources, LLC (6134). The Debtors' mailing address is 1301 McKinney Street, Suite 500, Houston, Texas 77010.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MILAGRO HOLDINGS, LLC, *et al.*, | Case No. 15-_____  (____) |
| Debtors.[1] | (Joint Administration Requested) |

## DEBTORS' LIST OF CREDITORS HOLDING THIRTY (30) LARGEST UNSECURED CLAIMS ON A CONSOLIDATED BASIS

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition in the Court for relief under chapter 11 of title 11 of the United States Code. This list of creditors holding the thirty (30) largest unsecured claims (the "**Top 30 List**") against the Debtors, on a consolidated basis, has been prepared from the Debtors' books and records as of July 14, 2015.

The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top 30 List does not include (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31) or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims, on a consolidated basis.

The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtors. The information presented herein, including, without limitation, the Debtors' failure to list any claim as contingent, unliquidated, disputed, or subject to a setoff, does not constitute an admission by the Debtors nor does it constitute a waiver of the Debtors' rights to contest the validity, priority, nature, characterization, and/or amount of any claim.[2]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Milagro Holdings, LLC (7232); Milagro Oil & Gas, Inc. (7173); Milagro Exploration, LLC (9260); Milagro Producing, LLC (9330); Milagro Mid-Continent, LLC (8804); and Milagro Resources, LLC (6134). The Debtors' mailing address is 1301 McKinney Street, Suite 500, Houston, Texas 77010.

[2] Certain claims listed herein may be subject to offset, discount, trade credit, or other deductions, which may not be included in the amounts set forth herein. Failure to include such amount in this list shall not constitute a waiver of such right.

| Rank | NAME OF CREDITOR | Telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff [3] | Amount of claim |
|---|---|---|---|---|---|
| 1. | Wilmington Trust, as Indentured Trustee | Wilmington Trust<br>Rodney Square North<br>1100 N. Market Street<br>Wilmington, DE 19890<br>Tel.: 302-651-1000<br>Fax: 302-651-8937 | 2016 10.50% Notes | | Unknown |
| 2. | Guerra Brothers Successors Ltd. | Guerra Brothers Successors Ltd.<br>P.O. Box 38<br>Linn, TX 78563<br>-and-<br>36455 US Highway 281<br>Linn, TX 78563<br>Tel: 956-383-2602<br>Email: felogb@aol.com | Royalty Interest and Litigation | Contingent, Disputed, Unliquidated | $3,324,530.89 |
| 3. | Exterran Energy Solutions LP | Exterran Energy Solutions LP<br>Exterran ABS 2007 LLC<br>Attn: Maria Camacho<br>P.O. Box 201160<br>Dallas, TX 75320-1160<br>-and-<br>16666 Northchase Drive<br>Houston, TX 77060<br>Tel.: 281-836-7000<br>Fax: 281-836-8395<br>Email: maria.camacho@exterran.com | Trade Debt | | $155,754.48 |
| 4. | Energy Gas Compression Ltd. | Energy Gas Compression Ltd.<br>P.O. Box 928<br>Corpus Christi, TX 78403<br>-and-<br>2020 N. Lexington Blvd.<br>Corpus Christi, TX 78409-1335<br>Tel.: 361-289-0100<br>Fax: 361-289-0064<br>Email:rlong@bizstx.rr.com | Trade Debt | | $135,779.00 |
| 5. | Axip Energy Services, LP | Axip Energy Services, LP<br>P.O. Box 732170<br>Dallas, TX 75373-2170<br>-and-<br>919 Milam, Suite 850<br>Houston, TX 77002<br>Tel.: 866-956-8631<br>Fax: 713-744-6101<br>Email: axipaccountsreceivable@axip.com | Trade Debt | | $93,435.00 |

---

[3]      The Debtors reserve their rights to dispute the claims on this schedule on any basis and to assert rights to setoff even if the claim is not listed as any of contingent, unliquidated, disputed or subject to setoff.

01:17359391.2

| Rank | NAME OF CREDITOR | Telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff[3] | Amount of claim |
|---|---|---|---|---|---|
| 6. | Microsoft Licensing GP | Microsoft Licensing GP<br>c/o Bank of America<br>Lockbox 842467<br>1950 N. Stemmons Fwy., Suite 5010<br>Dallas, TX 75207<br>Tel.: 877-309-0290<br>Fax: 425-708-7265<br>Email: mscredit@microsoft.com | Trade Debt | | $90,512.10 |
| 7. | Sparkman Industries, Inc. | Sparkman Industries, Inc. dba Victoria Well Service<br>169 Aviation Drive<br>Victoria, TX 77904<br>Tel.: 361-573-6658<br>Fax: 361-573-0009<br>Email: charly.p@sparkmanindustries.com | Trade Debt | | $83,651.60 |
| 8. | Chevron North America Exploration & Production Co. | Chevron North America Exploration & Production Co.<br>P.O. Box 730436<br>Dallas, TX 75373-0436<br>-and-<br>1400 Smith St.<br>Houston, TX 77002<br>Tel.: 232-234-3600; 713-372-1671<br>Fax: 713-372-9052 | Royalty Interest | Unliquidated | $58,421.06 |
| 9. | Matagorda Oilfield Specialty Inc. | Matagorda Oilfield Specialty Inc.<br>3586 FM 2668<br>Bay City, TX 77414<br>Tel.: 979-245-4683<br>Fax: 979-245-6522<br>Email: schneiderchris2@sbcglobal.net; martinkeith2@sbcglobal.net | Trade Debt | | $57,104.43 |
| 10. | Enerquest Oil & Gas | Enerquest Oil & Gas<br>12368 Market Drive<br>Oklahoma City, OK 73114<br>Tel.: 405-478-3300<br>Fax: 405-478-3686<br>suec@enerquestcorporation.com | Trade Debt | | $45,437.42 |
| 11. | Gulf Coast Lease Service, Inc. | Gulf Coast Lease Service, Inc.<br>P.O. Box 1541<br>El Campo, TX 77437<br>-and-<br>3588 West Business 59S Highway<br>El Campo, TX 77437<br>Tel.: 979-543-1453<br>Fax: 979-543-1533<br>Email: gulfcoastsh@yahoo.com | Trade Debt | | $41,495.49 |

| Rank | NAME OF CREDITOR | Telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff [3] | Amount of claim |
|---|---|---|---|---|---|
| 12. | Liberty Swabbing Inc. | Liberty Swabbing Inc. P.O. Box 3545 Victoria, TX 77903-3545 -and- 3401 Carsner St. Victoria, TX 77901 Tel.: 361-578-9536 Fax: 361-575-7545 Email: libertyswabbing@yahoo.com | Trade Debt | | $40,707.50 |
| 13. | Arkos Field Services LP | Arkos Field Services LP 1010 Lamar Street, Suite 1700 Houston, TX 77002 Tel.: 832-783-5415 Email: emay@arkos.com | Trade Debt | | $39,945.89 |
| 14. | ES&H Consulting Services, Inc. | ES&H Consulting Services, Inc. 2802 Flintrock Trace, Suite B104 Lakeway, TX 78738 Tel.: 512-904-0401 Fax: 512-904-0403 Email: info@esandh.com | Trade Debt | | $37,495.17 |
| 15. | W.E. Hayden Lease Service Inc. | W.E. Hayden Lease Service Inc. P.O. Box 290 Ganado, TX 77962 -and- 281 State Highway 172 Ganado, TX 77962 Tel.: 361-771-3684 Fax: 361-771-3647 Email: 2@wehls.com | Trade Debt | | $34,298.79 |
| 16. | KEM Energy Management | KEM Energy Management P.O. Box 60914 Houston, TX 77205 -and- 1812Ulit #B Austin, TX 78702 Tel.: 832-405-9700 Email: rkoenig@yahoo.com | Royalty Interest | Unliquidated | $32,550.48 |
| 17. | DNOW L.P. | DNOW L.P. (fka Nov National Oilwell Varco; Wilson Supply) P.O. Box 200822 Dallas, TX 75320-0822 -and- 7402 N. Eldridge Pkwy. Houston, TX 77041 Tel.: 281-823-4700 Fax: 713-237-3300 Email: kori.mills@dnow.com | Trade Debt | | $32,746.13 |

| Rank | NAME OF CREDITOR | Telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff [3] | Amount of claim |
|---|---|---|---|---|---|
| 18. | Ted Collins, Jr. | Ted Collins, Jr.<br>508 W. Wall, Suite 1200<br>Midland, TX 79701<br>Tel.: 432-687-3435<br>Fax: 432-686-0302<br>Email: jerryg@collinsog.com | Royalty Interest | Unliquidated | $31,316.48 |
| 19. | Basic Energy Services, LP | Basic Energy Services, LP<br>P.O. Box 841903<br>Dallas, TX 75284-1903<br>-and-<br>801 Cherry Street, Suite 2100<br>Fort Worth, TX 76102<br>Tel: 817-334-4100<br>Fax: 817-334-4101<br>Email: info@basicenergyservices.com | Trade Debt | | $31,077.85 |
| 20. | Oates Oilfield Construction Co. | Oates Oilfield Construction Co.<br>P.O. Box 868<br>Edinburg, TX 78540<br>-and-<br>6906 N. Expressway 281<br>Edinburg, TX 78542<br>Tel.: 956-383-2815<br>Fax: 956-383-0938<br>Email: arnold1222@sbcglobal.net | Trade Debt | | $29,635.52 |
| 21. | Rodgers Gauging Services LLC | Rodgers Gauging Services LLC<br>1093 Hill Top Rd.<br>Beeville, TX 78102<br>Tel.: 361-362-9539<br>Fax: 361-375-2909<br>Email: ryan_rod_02@yahoo.com | Trade Debt | | $28,250.00 |
| 22. | C&D Production Specialist Co. Inc. | C&D Production Specialist Co. Inc.<br>P.O. Box 1489<br>Larose, LA 70373<br>-and-<br>4683 West Park Avenue<br>Houma, LA 70364<br>Tel.: 985-693-7322<br>Fax: 985-693-8156<br>Email: info@cdprod.net | Trade Debt | | $27,737.96 |
| 23. | Legacy Well Service, LLC | Legacy Well Service, LLC<br>4700 N.E. Thruway<br>Carencro, LA 70520<br>Tel.: 337-886-3232<br>Fax: 270-912-9720<br>Email: chris@lws.la; glenn@lws.la; jessica@lws.la; info@lws.la | Trade Debt | | $22,203.63 |

| Rank | NAME OF CREDITOR | Telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff[3] | Amount of claim |
|---|---|---|---|---|---|
| 24. | Kline Trust | Kline Trust<br>c/o Alisa Kline<br>4208 Lillian<br>Houston, TX 77007<br>Tel.: 713-880-2458<br>Email: abkline@earthlink.net | Royalty Interest | Unliquidated | $20,348.60 |
| 25. | Johnson & Lindley, Inc. | Johnson & Lindley, Inc.<br>dba XCO Production Company<br>c/o Johnson & Lindley, Inc.<br>P.O. Box 27727<br>Houston, TX 77227<br>Tel: 713-627-1101<br>Fax: 713-627-0161 | Royalty Interest | Unliquidated | $19,828.84 |
| 26. | T. Baker Smith Inc. | T. Baker Smith Inc.<br>P.O. Box 2266<br>Houma, LA 70361<br>Tel.: 985-868-1050<br>Fax: 985-868-5843<br>Email: dawn.jones@tbsmith.com;<br>sarah.hulin@tbsmith.com;<br>cassie.daugherty@tbsmith.com | Trade Debt | | $19,698.09 |
| 27. | X-Chem, LLC | X-Chem, LLC<br>P.O. Box 971433<br>Dallas, TX 75397-1433<br>-and-<br>2727 Chemsearch Blvd.<br>Irving, TX 75062<br>Tel.: 855-829-0001<br>Fax: 972-721-6700 | Trade Debt | | $18,951.93 |
| 28. | BKB Oilfield, Inc. | BKB Oilfield, Inc.<br>P.O. Box 147<br>Hobson, TX 78117<br>Tel.: 361-935-1019<br>Email: andy.p@bkboilfield.com | Trade Debt | | $18,254.28 |
| 29. | Conoco Phillips Company | Conoco Phillips Company<br>600 North Dairy Ashford<br>Houston, TX 77079<br>Tel.: 281-293-1000 | Royalty Interest | Unliquidated | $18,139.04 |
| 30. | ASRM, LLC | ASRM, LLC dba RSL Specialty Products Administration<br>505 South Lenola Rd. #231<br>Moorestown, NJ 08057<br>Tel.: 856-231-9100<br>Fax: 856-231-7995<br>Email: sales@asrmllc.com | Trade Debt | | $17,443.54 |

01:17359391.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------x
                                                       :
In re                                                  :   Chapter 11
                                                       :
MILAGRO HOLDINGS, LLC, et al.,                         :   Case No. 15-_____ (___)
                                                       :
                 Debtors.¹                             :   Joint Administration Requested
                                                       :
-------------------------------------------------------x
```

**CERTIFICATION CONCERNING DEBTORS' CONSOLIDATED LIST
OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS**

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") hereby certify under penalty of perjury that the *Consolidated List of Creditors Holding the 30 Largest Unsecured Claims* (the "Consolidated List"), submitted herewith, is complete and, to the best of the Debtors' knowledge, correct and consistent with the Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the Consolidated List have been completed. Therefore, the listing does, and should not, be deemed to constitute: (1) a waiver to any defense to any listed claim; (2) an acknowledgement of the allowability of any listed claim; and/or (3) waiver of any other right or legal position of the Debtors.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 15, 2015
      Wilmington, Delaware

                                       Scott W. Winn
                                       Chief Restructuring Officer of Milagro Oil & Gas, Inc.,
                                       on behalf of the Debtors

---

¹    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Milagro Holdings, LLC (7232); Milagro Oil & Gas, Inc. (7173); Milagro Exploration, LLC (9260); Milagro Producing, LLC (9330); Milagro Mid-Continent, LLC (8804); and Milagro Resources, LLC (6134). The Debtors' mailing address is 1301 McKinney Street, Suite 500, Houston, Texas 77010.